```
1  Mark A. Romeo (State Bar No. 173007)
      mromeo@crowell.com
2  Kendra D. Miller (State Bar No. 204395)
      kmiller@crowell.com
3  Nicholas A. Fromherz (State Bar No. 248218)
      nfromherz@crowell.com
4  CROWELL & MORING LLP
   3 Park Plaza, 20th Floor
5  Irvine, California 92614-8505
   Telephone: (949) 263-8400
6  Facsimile: (949) 263-8414

7  Attorneys for Defendant
   ADVANTAGE SALES & MARKETING LLC
8
   Douglas N. Silverstein, Esq. SBN 181957
9  Lauren J. Morrison, Esq., SBN 266135
   KESLUK & SILVERSTEIN, P.C.
10 9255 Sunset Blvd., Suite 411
   Los Angeles, CA 90069-3309
11 Telephone: (310) 273-3180
12 Facsimile: (310) 273-6137
13 dsilverstein@californialaborlawattorney.com
   lmorrison@californialaborlawattorney.com
14
15 Attorneys for Plaintiffs ISAAC MELVILLE, HAROLD MANSFIELD, PETER
   MATTAROO, and the Collective Class
16
```

**NOTE CHANGES MADE BY THE C[OURT]**

All future discovery fil[ings shall] include the following on the cover [page]: "[Referred to Mag[istrate] Judge Suzanne H. Segal]"

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ISAAC MELVILLE, as an individual and on behalf of all others similarly situated, HAROLD MANSFIELD, as an individual and on behalf of all others similarly situated, PETER MATTAROO, as an individual and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>ADVANTAGE SALES & MARKETING, LLC, a Limited Liability Company; and DOES 1 through 40; inclusive,<br><br>    Defendants. | CASE NO. SACV10-691 JVS (SSx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND/OR PROPRIETARY BUSINESS INFORMATION<br><br><br>Action Filed: April 22, 2010<br>Removal Date: May 28, 2010<br>Trial Date: October 11, 2011 |

1  The Court has read the parties' Stipulation re Proposed Protective Order
2  Regarding Confidential and/or Proprietary Business Information dated December 3,
3  2010. Good cause appearing, the Amended Stipulation and Protective Order is APPROVED.
4
5  DATED: December 13, 2010
6
7  _____
   District Judge James V. Selna
8  U.S. District Court, Central District of California

IT IS SO ORDERED.
DATED: 12
_____
UNITED STATES MAGISTRATE JUDGE

All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"

2
[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND/OR PROPRIETARY BUSINESS INFORMATION
47482511

Mark A. Romeo (State Bar No. 173007)
mromeo@crowell.com
Kendra D. Miller (State Bar No. 204395)
kmiller@crowell.com
Nicholas A. Fromherz (State Bar No. 248218)
nfromherz@crowell.com
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, California 92614-8505
Telephone: (949) 263-8400
Facsimile: (949) 263-8414

Attorneys for Defendant
ADVANTAGE SALES & MARKETING LLC

Douglas N. Silverstein, Esq. SBN 181957
Lauren J. Morrison, Esq., SBN 266135
KESLUK & SILVERSTEIN, P.C.
9255 Sunset Blvd., Suite 411
Los Angeles, CA 90069-3309
Telephone: (310) 273-3180
Facsimile: (310) 273-6137
dsilverstein@californialaborlawattorney.com
lmorrison@californialaborlawattorney.com

Attorneys for Plaintiffs ISAAC MELVILLE, HAROLD MANSFIELD, PETER MATTAROO, and the Collective Class

**NOTE CHANGES MADE BY THE COURT**

All **future discovery filings** sh**all** include **the following language on the cover page:** "[Referred to Magistrate Judge Suzanne H. Segal]"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ISAAC MELVILLE, as an individual and on behalf of all others similarly situated, HAROLD MANSFIELD, as an individual and on behalf of all others similarly situated, PETER MATTAROO, as an individual and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ADVANTAGE SALES & MARKETING, LLC, a Limited Liability Company; and DOES 1 through 40; inclusive, <br><br> Defendants. | CASE NO. SACV10-691 JVS (SSx) <br><br> AMENDED STIPULATION AND PROPOSED PROTECTIVE ORDER REGARDING CONFIDENTIAL AND/OR PROPRIETARY BUSINESS INFORMATION <br><br> Action Filed: April 22, 2010 <br> Removal Date: May 28, 2010 <br> Trial Date: October 11, 2011 |

STIPULATION RE PROPOSED PROTECTIVE ORDER REGARDING CONFIDENTIAL AND/OR
PROPRIETARY BUSINESS INFORMATION

1   IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiff Isaac
2 Melville, Harold Mansfield, and Peter Mattaroo ("Plaintiffs"), individually and on
3 behalf of others similarly situated, and Defendant Advantage Sales & Marketing
4 LLC ("Defendant" or the "Company"), by and through their respective counsel of
5 record, as follows:

## RECITALS

7   Defendant has in its possession certain confidential information and
8 documents which may be reasonably calculated to lead to the discovery of
9 admissible evidence in the above-captioned action. Dissemination of such
10 confidential information and/or documents would result in harm to Defendant
11 because said information and documents may constitute privileged and confidential
12 proprietary business information and/or because release of such information may
13 infringe upon certain individuals' privacy rights. In view of these facts, the parties
14 agree to enter into the following Stipulated Protective Order ("Order").

## STIPULATION AND ORDER

16  **A.  Definitions**

17   "Confidential Documents" are defined as any documents designated by
18 Defendant as "Confidential," "Proprietary," or "Confidential and/or Proprietary."
19 These include, ~~but are not limited~~ to, documents containing confidential and
20 proprietary information ~~belonging~~ [SAS] to the Company such as employment policies and
21 procedures, compensation data, and identifying contact information (e.g., names,
22 last known home addresses and telephone numbers) of Defendant's current or
23 former employees, consultants, or contractors ("Contact Information").
24 ///
25 ///
26 ///
27 ///
28 ///

---

1

STIPULATION RE PROPOSED PROTECTIVE ORDER REGARDING CONFIDENTIAL AND/OR
PROPRIETARY BUSINESS INFORMATION

IRACTIVE-4748248.1

### B. Good Faith Certification of Confidential Designation

By designating a document, testimony, or other information derived therefrom as confidential under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis in law and in fact for the designation within the meaning of Fed. R. Civ. P. 26(g).

### C. Limited Use of Documents and Information

Plaintiffs' counsel hereby agree not to use the Confidential Documents or any information contained therein or obtained therefrom for any purpose other than the purpose set forth in this Order. Said Confidential Documents and any information contained therein or obtained therefrom shall be treated as confidential by the parties and shall not be disclosed to any person except in accordance with the terms of this Order or pursuant to a legally enforceable subpoena.

Said Confidential Documents and any information contained therein or obtained therefrom shall be used solely for the legitimate purpose of litigation preparation, trial, and appeal related to Plaintiffs' claims alleged in the Complaint and for no other purpose or litigation whatsoever. Said Confidential Documents and any information contained therein or obtained therefrom shall not be used by counsel for Plaintiffs in connection with any other lawsuit or prospective lawsuit.

### D. Advanced Approval Of Any Notice Using Contact Information

Plaintiffs' counsel hereby agree that, if they or their agents contact any individual listed in any Confidential Documents containing Contact Information, they will notify the individual who has been contacted that Defendant put measures in place to protect their current and former employees' confidential information, including but not limited to entering into this Order.

### E. Qualified Persons

Pursuant to this Order, counsel for Plaintiffs may only disclose, disseminate or make available the Confidential Documents and any information contained

IRACTIVE-4748248.1

therein or obtained therefrom to the following persons who shall be designated as "Qualified Persons":

    (i)    All counsel for the parties in this litigation and employees of such attorneys to whom it is necessary that the Confidential Documents be shown for purposes of this litigation;

    (ii)    Independent investigators, experts, or consultants retained by any party's counsel of record in the preparation of this case, to whom it is necessary that the information be shown for purposes of this litigation;

    (iii)    The Court, its employees and agents, court reporters, and their agents in the trial in this action;

    (iv)    Court reporters or videographers who record deposition or other testimony in this litigation;

    (v)    Current officers and directors of Defendant;

    (vi)    Plaintiffs or putative class members; and

    (vii)    Any other person about whom the parties agree in writing.

Plaintiffs' counsel hereby agree not to disclose the Confidential Documents or any information contained therein or obtained therefrom to any person or entity who is not Plaintiffs' counsel or the persons described in subsections (i) – (vii) in this Paragraph, except as permitted herein or by further order of this Court.

Plaintiffs' counsel agree that they are responsible for ensuring that any of their employees or agents who are given access to Confidential Documents and any information contained therein or obtained therefrom are informed of, and agree to be bound by, the terms of this Order. Where any Confidential Documents or any information contained therein or obtained therefrom are disclosed to (i) Plaintiffs or putative class members, (ii) any of the employees of Plaintiffs' counsel, including any attorney, paralegal, stenographic, clerical or secretarial personnel, or (iii) those employed, retained contracted, or consulted with by Plaintiffs' counsel to assist such counsel in this action, such as investigators, experts or consultants, or court reporters

or videographers, counsel for Plaintiffs shall inform those persons to whom any disclosure is being made of the existence and effect of this Order and secure their agreement as to its terms and conditions.

### F. Protecting Confidential Information at Depositions

If any Confidential Document is marked as an exhibit in a deposition, or during a hearing herein, and/or its contents are disclosed, wholly or partially, in the course of the testimony at such deposition, or hearing, counsel for the parties shall advise the reporter taking and transcribing the testimony at such deposition or hearing of the portions of such testimony that refer to such Confidential Document, and the exhibit itself, as well as the portions of the transcript containing such disclosure, shall be marked "CONFIDENTIAL" and shall be deemed subject to the provisions of this Order. To this end, the reporter shall not furnish copies thereof to anyone other than counsel of record for the parties herein, and, if so requested by such counsel, the witness and/or the witness' counsel.

### G. Use of Confidential Documents in Court Filings

Any document that contains Confidential Information, including, without limitation, any deposition transcript, deposition exhibit, pleading, motion, memorandum, interrogatory or interrogatory response, request for document production or response to a request for production, or subpoena, or that reproduces, paraphrases, summarizes or encloses Confidential Information, if filed with this Court, shall be filed in accordance with Local Rule 79-5. Any documents so filed under seal shall be enclosed in an envelope on which shall be endorsed the title of this action, the nature of the contents of the envelope, the word "Confidential" and the following (or similar) statement:

"This envelope contains information covered by the **STIPULATED PROTECTIVE ORDER** dated _____ and is not to be opened nor the contents revealed except in accordance with the terms of the **STIPULATED PROTECTIVE ORDER** or under the Court's instruction and supervision."

1     **H.**    **Use of Confidential Documents At Trial**

2     Should Plaintiffs seek to use any Confidential Document or Confidential
3 Information at trial, the parties shall confer prior to the trial date in an effort to agree
4 upon a procedure to ensure the confidentiality of such information and documents
5 (*e.g.*, requesting a closed courtroom). In the event an agreement is not reached, the
6 matter will be submitted to the Court to determine how best to assure that the
7 confidentiality of such information and documents is maintained in an appropriate
8 fashion. The designation of any document as confidential shall have no effect on
9 the admissibility of such document, for any purpose in this case, including trial.



10     **I.**    **Mutually Obtained Documents**

11     Nothing herein shall impose any restrictions on the use or disclosure by a
12 party mutually obtained by such party, independent of discovery in this action,
13 whether or not such material is also obtained through discovery in this action, or
14 from disclosing its own confidential documents as it deems appropriate.

15     **J.**    **Destruction of Documents**

16     The parties shall destroy all Confidential Documents in accordance with their
17 respective destruction policies.

18     **K.**    **Inadvertent Production**

19     The inadvertent or unintentional production of documents containing, or other
20 disclosure of, "Confidential Documents" without being designated as
21 "Confidential," "Proprietary," or "Confidential and/or Proprietary" at the time of the
22 production or disclosure, shall not be deemed a waiver in whole or in part of
23 Defendant's claim of confidentiality. Documents unintentionally produced without
24 the requisite designation may be retroactively so designated in the same manner and
25 shall be treated appropriately from the date written notice of the designation is
26 provided to Plaintiffs or their counsel of record.

27 ///
28 ///

L.  **Other Litigation**

Nothing contained in this Order shall be construed as permitting disclosure of any Confidential Documents, or any information abstracted therefrom, to counsel or parties in any actual or potential litigation or legal proceeding other than the above-entitled and numbered cause, or to any person or entity involved in the investigation or preparation of any other potential litigation or legal proceeding.

M.  **Continued Binding Effect**

The termination of proceedings in this action shall not relieve any person to whom "Confidential Documents" have been disclosed from the obligations of this Order unless the Court orders otherwise. The terms and conditions of this Order shall remain in full force and effect until further order of this Court or a court of competent jurisdiction and shall not cease to be in effect because this litigation is finally adjudicated. The Court shall retain jurisdiction over this matter after entry of final judgment to enforce the terms of this Order.

N.  **Injunctive Relief**

In the event Plaintiffs or anyone else violates or threatens to violate this Order, the parties agree that Defendant and/or its agents or attorneys may immediately apply to the Court to obtain injunctive relief against the person or entity.

[Handwritten: S+S; section N struck through]

O.  **Further Protection**

Nothing contained in this Order shall be deemed to preclude either party from seeking and obtaining, on appropriate showing, a further protective order relating to any discovery in this case or the use of Confidential Documents and/or Contact Information in this action.

P.  **Objection To Designation**

If a party objects to the designation of any Confidential Information as "Confidential," the party shall state the objection with particularity by letter to counsel for the party making the designation within 90 days after the objecting party

[Handwritten margin note: "Disputes must be resolved by C.R. 37."]

1. receives a copy of the Confidential Information stamped as confidential or receives
2. notice of the producing party's claim of confidentiality, whichever occurs first. If
3. the parties are unable to resolve the objection, the party objecting to the designation
4. may, within 30 days of the objection, file a joint motion to obtain a ruling that the
5. information that has been designated as Confidential Information does or does not
6. qualify as Confidential Information. Until the Court rules on any such request, the
7. Confidential Information shall continue to be deemed "Confidential" under the
8. terms of this Order. A party who fails to object to another party's claim of
9. confidentiality within the 90-day period set forth immediately above shall be
10. estopped from later objecting to such confidentiality designation. A party who fails
11. to initiate a motion seeking the removal of the Confidential designation within the
12. 30-day period is estopped from later objecting to the confidentiality of the
13. Confidential Information.

14. DATED: December 3, 2010     CROWELL & MORING LLP

16.             By: s/Mark A. Romeo
                    Mark A. Romeo
17.                 Kendra D. Miller
                    Nicholas A. Fromherz
18.                 Attorneys for Defendant
                    ADVANTAGE SALES & MARKETING
19.                 LLC

20. DATED: December 3, 2010     KESLUK & SILVERSTEIN, P.C.

22.             By: s/Lauren J. Morrison
                    Douglas N. Silverstein
23.                 Lauren J. Morrison
                    Attorneys for Plaintiffs
24.                 Isaac Melville, Harold Mansfield,
                    and Peter Mattaroo

26. IR4748248.1

7

STIPULATION RE PROPOSED PROTECTIVE ORDER REGARDING CONFIDENTIAL AND/OR
PROPRIETARY BUSINESS INFORMATION

IRACTIVE-4748248.1